United States District Court
Southern District of Texas
**ENTERED**
March 29, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENCLOUD SERVICES LLC, | § | CIVIL ACTION NO |
| | § | 4:23-cv-00575 |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| USCIS, *et al*, | § | |
| Defendants. | § | |

OPINION AND ORDER
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

The motion for summary judgment by Defendants United States Customs and Immigration Services (named on the docket sheet only by its acronym, *USCIS*), Ur M. Jaddou, and Kristine R. Crandall is granted. Dkt 21.

The motion for summary judgment by Plaintiff Encloud Services LLC is denied. Dkt 20.

1.   Background

Plaintiff Encloud Services LLC is an IT consulting and software production company. Defendants are United States Customs and Immigration Services, Ur M. Jaddou (as Director of USCIS), and Kristine R. Crandall (as Director of the California Service Center of USCIS).

In June 2022, Encloud filed a form I-129 petition seeking to employ Prasuna Doki in a specialty occupation under the H-1B classification. Dkt 13-1 at 32–39. That October, USCIS issued a request for evidence to Encloud to determine whether the position of "software engineer" qualified as a specialty occupation and whether Doki was qualified for the job. Dkts 20 at 7–8 & 13-2 at 98–106. Encloud responded the following month. Dkt 13-1 at 119–

24. And in December, USCIS denied Encloud's petition on the grounds that the evidence didn't establish that Doki met the criteria specified in the relevant regulation, 8 CFR §214.2(h)(4)(iii)(C). Id at 126–127.

In February 2023, Encloud brought suit under the APA, arguing that the agency decision was arbitrary and capricious. Dkt 1. Pending are cross-motions for summary judgment. Encloud argues that USCIS abused its discretion when determining that Doki didn't meet any of the regulatory criteria that would qualify her for a specialty occupation. Dkt 20 at 10. USCIS argues to the contrary that its findings were reasonable, with its decision being well within its discretion. Dkt 21 at 17.

2. Legal standard

The APA governs the permissible scope of actions taken by federal agencies. See 5 USC §701(b)(1). The statute entitles individuals to seek judicial review of any "agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." Id at §704. Among other directions, federal courts are required to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Id at §706(2)(A). The Fifth Circuit observes that "denial by the INS of an application for a visa" can only be reversed upon a showing of one of these statutory reasons. *National Hand Tool Corp v Pasquarell*, 889 F2d 1472, 1475 (5th Cir 1989).

The Fifth Circuit holds, "An action is arbitrary and capricious 'if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *Sierra Club v United States Environmental Protection Agency*, 939 F3d 649, 663–64 (5th Cir 2019), quoting *Texas Oil and Gas Association v United States Environmental Protection Agency*, 161 F3d

2

923, 933 (5th Cir 1998). This standard is "narrow." *10 Ring Precision Inc v Jones*, 722 F3d 711, 723 (5th Cir 2013) (quotation omitted). A court must be mindful "not to substitute its judgment for that of the agency." Ibid (cleaned up), quoting *Motor Vehicle Manufacturers Association of the United States Inc v State Farm Mutual Auto Insurance Co*, 463 US 29, 30 (1983). True, the agency must engage in "'reasoned decision-making' in denying an application." *National Hand Tool*, 889 F2d at 1475, quoting *United States v Garner*, 767 F2d 104, 116 (5th Cir 1985). But the ultimate inquiry remains whether the agency can "articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Sierra Club*, 939 F3d at 664, quoting *Motor Vehicle Manufacturers*, 463 US at 43, in turn quoting *Burlington Truck Lines Inc v United States*, 371 US 156, 168 (1962).

In a denial-of-visa case such as this, the burden is on the plaintiff to prove eligibility. See *Boi Na Braza Atlanta LLC v Upchurch*, 194 F App'x 248, 249 (5th Cir 2006, *per curiam*), citing *National Hand Tool*, 889 F2d at 1475. The agency's role is "to resolve factual issues to arrive at a decision" supported by the administrative record. *Stuttering Foundation of America v Springer*, 498 F Supp 2d 203, 207 (DDC 2007) (quotation omitted). Review in the district court is then limited to the administrative record. See *Northwest Motorcycle Association v United States Department of Agriculture*, 18 F3d 1468, 1472 (9th Cir 1994). And the district court's only function is to determine whether as a matter of law the evidence in the administrative record permitted the agency's decision. See *Bloch v Powell*, 227 F Supp 2d 25, 30 (DDC 2002).

Where a district court reviews an agency's final decision under the APA, summary judgment "serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." *Stuttering Foundation of America*, 498 F Supp 2d at 207, citing *Richards v Immigration and Naturalization*

*Service*, 554 F2d 1173, 1177 n 28 (DC Cir 1977); see also *Amin v Mayorkas*, 24 F4th 383, 390–91 (5th Cir 2022), citing *University Medical Center of Southern Nevada v Shalala*, 173 F3d 438, 440 n 3 (DC Cir 1999): "APA cases are often resolved at summary judgment because whether an agency's decision is arbitrary and capricious is a legal question that the court can usually resolve on the agency record." Because of the district court's limited role, however, "the standard set forth in Rule 56(c) does not apply" to its summary judgment review. *Stuttering Foundation of America*, 498 F Supp 2d at 207. The court reviews the record only to determine whether the agency acted within its authority, whether the agency explained its decision, whether the record supports the facts on which the agency relied, and whether the agency relied on the factors intended by Congress. *Fund for Animals v Babbitt*, 903 F Supp 96, 105 (DCC 1995).

3.   Analysis

The pertinent regulation lays out four criteria, any one of which would qualify an alien to perform services in a specialty occupation. He or she must:

  o   Hold a United States baccalaureate or higher degree required by the specialty occupation from an accredited college or university;

  o   Hold a foreign degree determined to be equivalent to a United States baccalaureate or higher degree required by the specialty occupation from an accredited college or university;

  o   Hold an unrestricted State license, registration or certification which authorizes him or her to fully practice the specialty occupation and be immediately engaged in that specialty in the state of intended employment; or

  o   Have education, specialized training, and/or progressively responsible experience that is equivalent to completion of a United States baccalaureate or higher degree in the specialty

4

occupation, and have recognition of expertise in the specialty through progressively responsible positions directly related to the specialty.

8 CFR §214.2(h)(4)(iii)(C).

Encloud doesn't dispute administrative findings foreclosing the first and third options. Dispute focuses on whether Doki satisfied either the second or fourth options.

a.   Criterion two

In denying the subject petition, USCIS stated that "the evidence of record does not satisfy the criterion . . . that the beneficiary holds a foreign degree determined to be equivalent to a US bachelor's or higher degree required by the specialty occupation from an accredited college or university." Dkt 13-2 at 127. Encloud argues that this was arbitrary and capricious because USCIS mischaracterized Doki's degree and didn't consider the evaluation provided by its expert. Dkt 20 at 13, 16. The record belies such contention.

As provided to USCIS, Doki's degree stated that she received a "Bachelor of Technology," with the words "Mechanical Engineering" written in parentheses underneath. Dkts 13-1 at 88 & 1 at 6. Encloud argues that this means that the record reflects that Doki received a "Bachelor of Technology with a *concentration* in Mechanical Engineering," Dkt 20 at 14 (emphasis added), or a "Bachelor of Technology with a *focus* in Mechanical Engineering." Dkt 23 at 9 (emphasis original). Such a distinction matters, Encloud argues, because the Occupational Outlook Handbook (as published by the US Bureau of Labor Statistics) "states that software developers 'typically need a bachelor's degree in computer and information technology or a related field, such as engineering.'" Dkt 23 at 9, quoting the Handbook.

But the finding to the contrary can't be said to be arbitrary and capricious. USCIS considered the screenshot of the Handbook provided by Encloud in the administrative record and requested that Plaintiff better "explain[ ] how the beneficiary's degree related to the duties of the

5

proffered position." Dkt 13-1 at 116. In its final decision, USCIS then stated that "the position would require at least a bachelor's degree or its equivalent in computer science or information technology related field(s)." Dkt 13-2 at 127. Of note, it also appears that the Handbook definition provided by Plaintiff in its motion for summary judgment is *not* the Handbook definition it provided as part of the administrative record. Compare Dkt 20 at 12 ("or a related field, such as engineering") with Dkt 13-1 at 122 ("Computer Engineering or a directly related field"); see also Dkt 25 at 6–7. In any event, the pertinent inquiry is whether rejection by USCIS of the application was rational and based on the information provided during the period of consideration. It was. The agency considered the relevant evidence provided by Plaintiff, rejected it as insufficient, and articulated an explanation for its decision. Analysis stops there. *Amin*, 24 F4th at 393.

As for the expert evaluation, it states only that the coursework required by Doki's degree is "substantially similar to the required course work leading to a Bachelor's degree" in the United States, and that the courses Doki took "contribute to the overall equivalency" of her degree. Dkt 13-2 at 3. In its rejection, USCIS stated that the record didn't show that Doki holds a degree determined to be *equivalent to* a bachelor's degree in software engineering or a related field. See Dkts 13-2 at 127 & 25 at 8–9. That aligns with the administrative record, as even the expert's assessment of the foreign degree didn't state explicitly that Doki's degree was "equivalent." Dkt 25 at 8–9. Indeed, the expert quite literally words around actually saying that.

The decision by USCIS to reject the application as to criterion two plainly considered the record evidence submitted and articulated reasons for rejection. Such decision wasn't arbitrary and capricious.

### b. Criterion four

In denying the subject petition, USCIS stated that the application did not meet criterion four because "the analysis of [Doki's] employment history and level of job responsibilities is not supported by the record." Dkt 13-2

at 122. Encloud argues that its expert, who also provided an analysis of Doki's employment, "had enough of an understanding of [Doki's] job responsibilities and progressive levels of responsibility while at" a former employer—Tata Consulting Services Limited—to make the statements he included in his evaluation. Dkt 20 at 17. The record again belies such contention.

For example, USCIS noted that "the record does not show how [Doki's expert] obtained the description of the beneficiary's job responsibilities and level of responsibility" at Tata Consulting." Dkt 13-2 at 122. It also noted that a letter of recommendation provided by Tata Consulting is "insufficient in detail to establish whether the beneficiary's work experience was progressively responsible . . . [or] included the theoretical and practical application of specialized knowledge . . . [or] whether the beneficiary's experience was gained while working with peers, supervisors, or subordinates who have a degree or its equivalent in the specialty occupation." Id at 122–123.

The expert's evaluation does appear thorough, and Doki's past employer did provide a positive, albeit brief, letter of recommendation. Id at 2–6, 29. But as noted by USCIS, the expert refers to information included in neither the letter of recommendation nor anywhere else in the record. For example, Ms. Doki's resumé wasn't included in the record. Dkt 21 at 22; see also Dkt 13-2 at 29–46. USCIS's conclusion cited this deficiency towards its own inability to fully evaluate the weight and credibility of the expert's report due to an incomplete administrative record. See id at 130: "Thus, the conclusion in the evaluation is not supported by the record and will be given less weight." The record thus reveals a rational decision-making process by USCIS, especially in light of Plaintiff's failure to provide adequate evidence.

Most important here, the Court's task isn't to re-weigh or independently evaluate the record. The question is simply whether USCIS did itself evaluate the record and base its decision upon it. It plainly did. And its articulated

decision based upon that review as to criterion four wasn't arbitrary and capricious.

4. Conclusion

The rejection by Defendant United States Customs and Immigration Services of the application for specialty occupation submitted by Plaintiff Encloud Services LLC with regard to Prasuna Doki was based on a finding that none of the four statutory criteria were satisfied. It provided a reasonable explanation for this decision and justified its conclusion with reference to the evidence in the administrative record.

The motion for summary judgment by Defendants United States Customs and Immigration Services, Ur M. Jaddou, and Kristine R. Crandall is GRANTED. Dkt 21.

The motion for summary judgment by Plaintiff Encloud Services LLC is DENIED. Dkt 20.

Defendants are ORDERED to present within fourteen days of this Order a proposed final judgment for entry in this action.

SO ORDERED.

Signed on March 29, 2024, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge